O’Neall, J.
delivered the opinion of the Court.
■ The grounds for new trial will be first briefly disposed of, before the main question, which arises under the ground for non-suit, will be considered.
1. The declarations of Hughes Moss, a deceased witness, made ante litem motam, were received to aid the presumption of an old transaction, and such testimony may be easily defended. It is like the declarations of a deceased witness, made ante litem motam, received, as to the corner of a tract 0f ¡and, in the case of Coate v. Speer. Both are beyond the certain proof of living witnesses, and hence may be received, as the best to which resort can be had. But the testimony here became perfectly immaterial, after the adduction in evidence of the office copy of the mortgage, as to which they related. And, as is said in the report, they were regarded and treated as of no weight.
2. The declarations of Mrs. Jones, received in evidence, were to the same fact, which her bill of sale more clearly *319 proved. They were admissible, as the title of the testator, or as confirmatory of it. If Mrs. Jones had the right to dispose of the slave, then her declarations that she had done so to the plaintiff's testator, were admissible in support of his title. If she had no such right, then of course they fell with her want of power or title to dispose of the slave.
The 3d ground needs no other remark than that if the wife could have and exercise the jus disponendi, then the proof was ample to establish the presumption that she had it.
This brings up the question presented by the ground for non-suit, — had Mary Jones the right of disposition of the said slave, and could she legally hold and exercise it ? No one denies that, generally, the wife cannot dispose of her own property, or that of the husband. To this, however, I think are two plainly marked exceptions: 1st. That as his agent, she can sell or convey; 2. That under a deed of separation, she may have the same jus disponendi as if she were sole.
To the first exception there can be no denial, and that would be enough for this case. For the jury were told that if satisfied, from the facts proved, that she was authorized, as her husband’s agent, to dispose of the slave, that then, in that way, the defendant’s title would be good. Certainly, proof that he permitted her, in 1822, to mortgage the slave, afterwards to use and hire him, and finally, when told she had sold him to the testator of the plaintiff, he did not deny her power, these are certainly facts enough to raise a presumption that her act was as his agent. Her possession was-as a feme sole, altogether, for more than 20 years; and to make such a possession lawful and effectual, “ there is,” as Mr. Best, on presumptions, says, “ hardly a species of act or document, public or private, that will not be presumed in support of it.”
Under the second exception, however, the strength of this case is to be tried. I have no doubt, that after 20 years separation of husband and wife, and a separate enjoyment on her part of personal property, and repeated unchallenged acts of disposition of it on her part, that the Court, to give effect to her disposition of it, would presume that, on the separation, the husband executed a post nuptial settlement, conveying the property to a trustee, to hold to the uses: 1st. That she might separately enjoy it-; and 2d. That she might, as a feme sole, sell or give it, in her life time, or at her death bequeath it as she pleased. This would be presuming a very common deed, to give effect to her possession and title. In this State, we presume a grant from the State after 20 years possession, and intermediate conveyances even after shorter periods, and when we look back to the instances of presumption, given by Best at p. 145, such as Acts of Parliament; *320 grants from the crown; letters patent; writs of ad quod damnum, and inquisitions thereon; by-laws of corporations, fines and recoveries; the enfranchisement of copy-holds ; endowments of vicarages; exemption from tythes; consent of ordinary to composition deeds, &c. there can be nothing strained in saying, tfiat after a lapse of 20 years, such' a deed as I have suggested may be presumed. This presumption is made more easy, and approaches to certainty, when it is known that, in equity, Mary Jones was allowed, in 1824, to file a separate answer, in which she alleged that she and her husband had separated by consent, were then living apart, and that, by articles regularly executed, they had renounced all claims upon the property of each, — -that in the subsequent stages of the case she was treated as a feme sole, and by the decree of the Court of Equity, her share of her father’s estate was ordered to be paid to her, independent of the claim of her husband; that in a case in the Court of law, her husband refused to release her interest in her father’s estate, saying that he was bound, by bond, not to interfere with her property.
But it is objected, if such deed be presumed, the power and its execution would be unlawful. That is a clear mistake. Sugden, in his treatise on powers, thus states the law : “ By the common law, a married woman cannot dispose of her own estate, without a fine and recovery; but simply as the instrument or attorney of another, she may convey an estate, in the same manner as her principal could, because the con- . veyadce is considered as the deed of the principal, and not of the attorney, and her-interest is not affected.” “It is not material whether the power is given to an unmarried woman, who afterwards marries, or to a woman while she is married, who afterwards takes another husband; in both cases she may execute the power, and the concurrence of her husband is in no case essential.”
These authorities clearly shew that the wife’s disposition, under such a deed, would be considered as if made by the husband, and be thus legal. But Sugden, at 331, is still more explicit:. “ The estates created by the execution of a power, take effect precisely in the same manner as if created by the deed.”
The motions are dismissed.
Richardson, J. — Wardlaw, J. — Frost, J. — and Withers, J. — concurred.

Motions refused.